# Exhibit 3

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **MARK E. DOTTORE, solely in his** | ) | **CASE NO.** |
| **capacity as the Receiver for the** | ) | |
| **Receivership Entities** | ) | **JUDGE** |
| **2344 Canal Road** | ) | |
| **Cleveland, Ohio 44113-2535,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIGUEL LEMMING** | ) | |
| **7 Travis Court** | ) | |
| **Medford, New Jersey 08055,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT TO AVOID AND TO RECOVER TRANSFERRED PROPERTY OR THE VALUE OF TRANSFERRED PROPERTY

Now comes Mark E. Dottore, solely in his capacity as the Receiver (the

"**Receiver**") for the Receivership Entities[1], and for his complaint says as follows:

## THE FRAUDULENT PONZI SCHEME AND THE BACKGROUND FOR THIS PROCEEDING

1.      On July 1, 2022, Sheryl Maxfield, the Director of the State of Ohio

Department of Commerce, through the office of the State of Ohio Attorney General,

Daniel Yost (the "**Ohio AG**") filed a complaint (the "**Department's Complaint**")

---

[1]As of the date of the filing of this complaint, the "**Receivership Entities**" are The AEM Services, LLC ("**AEM Services**"), AEM Investments, LLC ("**AEM Investments**"), AEM Wholesale, LLC ("**AEM Wholesale**"), AEM Productions, LLC ("**AEM Productions**"), AEM Real Estate Group, LLC ("**AEM Real Estate**"), AEM Capital Fund, Ltd. ("**AEM Capital Fund**"), A&J RE Holdings, LLC ("**A&J**"), and Landmark Property Development f/k/a Landmark Real Estate Endeavors ("**Landmark**").

4890-6527-8162 v.1

against Mark Dente and other named defendants thereby commencing Summit County Court of Common Pleas Case No. CV-2022-07-2228, entitled *Sheryl Maxfield, Director State of Ohio Department of Commerce v. Mark Dente, et al.* (the "**AG Case**"). A copy of the Department's Complaint is available from the Summit County Clerk of Courts website commencing at https://clerkweb.summitoh.net/RecordsSearch/Disclaimer.asp?toPage=SelectDivision.asp (the "**Summit County Clerk's Records**").

2. In the Department's Complaint, the Director of the State of Ohio Department of Commerce (the "**Director**") alleged, *inter alia*, —

1. The Director brings this action to stop an ongoing fraudulent scheme in which Defendants[2] have raised millions of dollars from dozens of investors throughout the State of Ohio. Since at least June 2016, Defendants have engaged in and continue to engage in a pattern and practice of misusing investor funds that were supposed to be earmarked solely for investment purposes to instead enrich themselves personally and fund a lavish lifestyle.

2. Defendant Mark Dente purports to manage a portfolio of real estate investments. He entices investors, some of them elderly and on fixed incomes, with promises of significant returns, including in some instances returns as high as 36% over nine months. Dente sells investors securities primarily in the form of promissory notes and LLC interests. The investments are issued from various entities that Dente and his wife, Sharon Dente, own or control.

3. The Dentes own or control numerous purported investment businesses, many with similar names, all of which are referred to collectively herein as the "Dente Businesses." Since 2016, the primary Dente Businesses through which Defendants have raised investor funds include AEM Services, LLC; The AEM Services, LLC

---

[2]The "Defendants" named in the Department's Complaint are Mark Dente, individually and as Trustee of the Mark and Sharon Dente Living Trust dated February 22, 2000, Sharon Dente, individually and as Trustee of the Mark and Sharon Dente Living Trust dated February 22, 2000, AEM Services, AEM Funding, AEM Wholesale, AEM Productions, AEM Investments, AEM Capital Fund, and Landmark.

4890-6527-8162 v.1                                          2

d/b/a AEM Funding; and AEM Capital Fund, Ltd. In addition to these entities, the Dentes also own or control AEM Wholesale, LLC; AEM Investments, LLC; AEM Productions, LLC; and Landmark Property Development, Ltd. f/k/a Landmark Real Estate Endeavers [sic], Ltd. Upon information and belief, all the Dente Business have been used by Dente to improperly commingle and misappropriate investor funds.

4.     Dente tells investors that their money will be used solely to purchase and renovate real estate properties owned or operated by the Dente Businesses. In reality, a significant portion of the money that investors entrust to Dente is not used for investment purposes but rather treated by Dente as his own personal slush fund. Dente transfers and commingles investor funds into his personal banking accounts and improperly uses those funds to make numerous non-business purchases or other payments benefitting only himself or his family or friends.

7.     Dente also uses newly-acquired Investor funds to repay prior investors in classic Ponzi-scheme fashion. Dente deposits investor funds directly into various business and personal accounts, including accounts in the name of Mark and Sharon Dente and accounts in the name of the Dente Businesses. Of approximately $13 million that was raised from investors since November 2016, much of the money was either improperly used by Dente for non-business purposes or paid to earlier investors.

3.     On June 22, 2022, the Summit County, Ohio Court of Common Pleas (the "**State Court**") entered its order (the "**Order Appointing Receiver**") in Case No. CV-2022-05-1754, *Christopher Longo v. The AEM Services, LLC, et al.* (the "**Receivership Case**") appointing Mark E. Dottore ("**Mr. Dottore**") as the Receiver "to take possession of and to manage all the affairs of . . . The AEM Services, LLC ("AEM"), and to further take control of all assets and real property held in or by that entity." A copy of the Order Appointing Receiver is available from the Summit County Clerk's Records.

4.     On July 15, 2022, the State Court entered is order (the "**First Amended Order Appointing Receiver**") appointing Mr. Dottore as the Receiver

4890-6527-8162 v.1                        3

for AEM Investments and AEM Wholesale "and all their real and personal property
[ ]." ¶ 1 of the First Amended Order Appointing Receiver provides, in pertinent part,
that "all of [the] real and personal property [of AEM Investments and AEM
Wholesale] . . . together with The AEM Services LLC . . . and all of its assets of the
same kind and nature . . . shall hereafter constitute the Receivership Estate." A
copy of the First Amended Order Appointing Receiver is available from the Summit
County Clerk's Records.

5.    On August 11, 2022, the State Court entered its order (the "**Second
Amended Order Appointing Receiver**") which (a) recognized the filing of the AG
Case and the request in the AG Case for the appointment of a receiver over, *inter
alia*, AEM Services, AEM Funding, AEM Wholesale, AEM Investments, AEM
Productions, AEM Capital Fund, and Landmark, (b) confirmed the appointment of
Mr. Dottore as the receiver for AEM Services, AEM Investments, and AEM
Wholesale, and (c) appointed Mr. Dottore as the receiver for Mark Dente, Sharon
Dente, Anthony Dente, Unlimited Acquisitions, LLC ("**Acquisitions**"), AEM
Productions, AEM Real Estate, AEM Capital Fund, The Mark and Sharon Dente
Living Trust (the "**Dente Trust**"), A&J, and Landmark "and all their real and
personal property." A true and correct copy of the Second Amended Order
Appointing Receiver is available from the Summit County Clerk's Records.

6.    On November 2, 2022, the State Court entered its order (the
"**November 2, 2022, Order**") vacating the Second Amended Order Appointing
Receiver to the extent that the Second Amended Order Appointing Receiver applied

4890-6527-8162 v.1    4

to Mark Dente, Sharon Dente, Anthony Dente, Acquisitions, and the Dente Trust. A copy of the November 2, 2022 Order is available from the Summit County Clerk's Records.

7. The Second Amended Order Appointing Receiver as modified by the November 2, 2022 Order is hereafter referred to as the "**Operative Receiver Order**".

8. The Receiver's forensic accountant has conducted an independent investigation of the banking records and the reconstructed books and records related to the Receivership Entities and concluded from his investigation that Dente was operating a Ponzi scheme using AEM Services and the Receivership Entities for the period from at least April of 2017 and perhaps earlier through its collapse in mid-2022.

9. After reviewing the report of his forensic accountant, and based on his own experience, the Receiver concurs with his forensic accountant that Dente operated a classic Ponzi scheme using the Receivership Entities for the period from at least April 2017 and perhaps earlier through its collapse in mid-2022 (collectively, the "**Dente/AEM Ponzi Scheme**").

10. In reviewing the activities of the Receivership Entities, especially AEM Services, the Receiver's forensic accountant analyzed a period from April 2017 through June 2022. A good example of AEM Services' cash flow is found in the sample month of November 2020. In that month, 87% of deposits into AEM Services' bank account XXXXX937 were clearly from investors, while only 12% came

4890-6527-8162 v.1                     5

from AEM Services' real estate business revenues. After the payment of expenses, including extravagant salaries to the AEM Services' executive staff, 67% of withdrawals were paid back to investors. AEM Services' normal activity was to deposit money from investors and then pay that money to other investors often on the same day or the next business day.

11.   Over $200 million moved in and out of AEM Services' bank account XXXXX937 from January 2018 through June 2022. The average monthly cash balance was only $1.1 million.

12.   In addition to the overwhelming evidence that new investor money paid earlier investors, the Dente/AEM Ponzi Scheme manifested the following additional characteristics of a typical Ponzi scheme:

a.   AEM Services did not keep books and records. There were no comprehensive and/or accurate accounting books or records and no coherent financial statements. The Receiver's forensic accountant harvested the information supporting this Complaint from AEM Services' bank statements. In addition, AEM Services did not complete or file any federal or state tax returns for the years 2017 through 2022.

b.   AEM Services commingled its funds between and among other AEM Services-related Receivership Entities and between the Receivership Entities and Dente's personal and family bank accounts.

c.   Dente and his family members lived lavish lifestyles. During the pendency of the Dente/AEM Ponzi Scheme, Dente transferred between $1 million

Tavia Galonski, Summit County Clerk of Courts

and $2 million from AEM Services to his personal bank accounts to support his lifestyle. Among other expenditures, Dente improved his residence, purchased a vacation home, funded numerous trips to Las Vegas, enjoyed season tickets to the Cleveland Cavaliers, and paid expensive private tuition to Ohio Wesleyan and Kent State University.

d.    The scheme collapsed when investors already trapped in AEM Services refused to accept increasingly higher interest rates as a further incentive to remain invested and demanded an exit instead. By May 2022, Dente could no longer find enough new investors willing to contribute enough money to sustain the outflow of funds required to pay out fleeing investors. When the scheme collapsed AEM Services had only about 20 real estate properties in its portfolio.

## ACTIONS BY THE RECEIVER

13.    The Operative Receiver Order provides, in pertinent part, that "all of [the] real and personal property [of the named entities] . . . and all other assets arising out of, or pertaining to each entity, of whatever kind and nature, . . . shall hereinafter constitute the Receivership Estate." Operative Receiver Order, ¶ 1 at pp. 1-2.

14.    The Receiver is charged, *inter alia*, with taking possession and control of all of the property of the Receivership Entities including any real property and "all other assets of whatever kind or nature belonging to the Receivership Entities" (collectively, the "**Assets**" or "**Receivership Assets**"). Operative Receiver Order, ¶ 2 at p. 3.

4890-6527-8162 v.1                                    7

15.     The Receiver is in the process of marshalling those assets. However, such assets will not be sufficient to reimburse the people who thought they were investing in AEM Services or any of the other Receivership Entities. Consequently, the Receiver must use his authority to pursue recovery from (a) investors in the Dente/AEM Ponzi Scheme who received fictitious profits to the detriment of other defrauded investors whose money was consumed by the Dente/AEM Ponzi Scheme, (b) people who received transfers from AEM Services or any of the Receivership Entities but did not give value for said transfers, and (c) people who did not invest in good faith in the Dente/AEM Ponzi Scheme. Absent this and other recovery actions, the Receiver will be unable to satisfy the totality of the claims of all the investors in the Dente/AEM Ponzi Scheme.

16.     The instant action is brought by the Receiver as part of his continuing duty "to file litigation, including but not limited to, actions to recover property transferred or for turnover of any of the Assets when turnover is otherwise appropriate under Ohio law, actions to determine ownership of the Assets, actions to avoid liens and to recover transferred, alienated and consigned Assets; and actions to determine the extent and priority of lien interests in the Asset" (Operative Receiver Order, ¶ 2) and his authority to "institute, prosecute, or intervene in any lawsuit or summary proceeding against any other person(s) or entity(ies) to preserve and/or maximize the value of the Assets or to obtain possession of any of the Assets unlawfully in the possession of third parties." (Operative Receiver Order, ¶ 3.j.)

*Tavia Galonski, Summit County Clerk of Courts*

17.    Pursuant to that certain administrative order entered on July 20, 2022 (the "**Transfer Order**"), all cases "seeking relief against AEM [Services], [Mark] Dente and other persons or businesses associated with AEM or Dente" and "any future cases regarding AEM, Dente or any person or entity associated with either of them" have been transferred to the Honorable Patricia A. Cosgrove. A copy of the Transfer Order is available from the Summit County Clerk's Records.

## JURISDICTION AND VENUE

18.    This Court has jurisdiction over the subject matter of this action pursuant to Section 2305.01 of the Ohio Revised Code.

19.    Venue for this matter is proper in this Court pursuant to Rule 3(C) of the Ohio Rules of Civil Procedure, including, but not limited to Rule (3)(C)(1), (3) and (6).

## NATURE OF THIS PROCEEDING

20.    This action is brought pursuant to the Ohio Uniform Fraudulent Transfer Act (Ohio Revised Code Chapter 1336[3]) and other applicable law to avoid the transfers specifically identified below and to recover the value of the transfers so that the value of the transfers can be equitably distributed among all the victims of the Dente/AEM Ponzi Scheme.

---

[3]Unless otherwise indicated, all Section, Chapter, and Title references are to the Ohio Revised Code ("**O.R.C.**"), all references to the Civil Rules or "Rule XX" are to the Ohio Rules of Civil Procedure (the "**Civil Rules**"), and all references to the "Summit County Rules" or to the "Local Rule x.xx" are to the Rules of the Court of Common Pleas, General Division of Summit County, Ohio.

4890-6527-8162 v.1    9

## GENERAL ALLEGATIONS

21.     At all times relevant hereto, the liabilities of AEM Services and the related Receivership Entities were greater than the assets of AEM Services and the related Receivership Entities.

22.     At all times relevant hereto, the Dente/AEM Ponzi Scheme was insolvent because the sum of its debts was greater than all its assets at fair valuation. *See* O.R.C. § 1336.02(A)(1).

23.     At all times relevant hereto, the Dente/AEM Ponzi Scheme was insolvent because it was not generally paying its debts as they became due. *See* O.R.C. § 1336.02(A)(2).

24.     Because the Dente/AEM Ponzi Scheme never had sufficient assets to pay off all its obligations to its investors, every transfer of any asset by AEM Services or any of the Receivership Entities to any other person was made with actual intent to hinder, delay, or defraud creditors of the Dente/AEM Ponzi Scheme. *See* O.R.C. § 1336.04(A)(1).

25.     Because the Dente/AEM Ponzi Scheme never had sufficient assets to pay off all its obligations to investors, at the time of each and every transfer of any asset by AEM Services or any of the Receivership Entities to any person, AEM Services and the Receivership Entities were engaged in a business for which their remaining assets were unreasonably small in relation to its business. *See* O.R.C. § 1336.04(A)(2)(a).

26.     Because the Dente/AEM Ponzi Scheme never had sufficient assets to pay off all its obligations to investors, at the time of each and every transfer of any

4890-6527-8162 v.1                                    10

asset by AEM Services or any of the Receivership Entities to any person, AEM

Services and the Receivership Entities intended to incur, or believed or reasonably

should have believed that AEM Services and the Receivership Entities would incur,

debts beyond their ability to pay as those debts became due. *See* O.R.C.

§ 1336.04(A)(2)(b).

## THE DEFENDANT

27.    Miguel Lemming ("**Lemming**") is a citizen of the State of New Jersey.

28.    Lemming received payments from AEM Services as set forth in detail

in the attached Exhibit A.

## THE TRANSFERS

29.    According to the bank records of AEM Services, and particularly

KeyBank account no. *****3937, AEM Services made various transfers (collectively,

the "**Transfers**"), to Lemming account nos. *****5098 and ******5119 totaling at

least Three Hundred Seventy-One Thousand One Hundred Ninety-Seven Dollars

($371,197.00).

30.    The Transfers received by Lemming constitute non-existent profits

supposedly earned from their investment in AEM Services, but, in reality, they

were other people's money.

31.    The Transfers were made to or for the benefit of Lemming and are set

forth in detail in the attached Exhibit A.

32.    AEM Services received less than reasonably equivalent value in

exchange for each of the Transfers.

*Tavia Galonski, Summit County Clerk of Courts*

33.     The records of KeyBank account no. *****3937 show AEM Services' receipts from Lemming account nos. *****5098 and ******5119 which are detailed in Exhibit B.

34.     The Receiver's investigation is ongoing. During this proceeding, the Receiver may learn, through discovery or otherwise, of additional transfers made to Lemming by one or more of the Receivership Entities that are avoidable or that the amounts described in Paragraphs 29-33 were not received by AEM. It is the Receiver's intention to avoid and recover all transfers made by any Receivership Entity of any interest in property to or for the benefit of Lemming. To that end, the Receiver reserves the right to (i) supplement the information contained in this Complaint regarding the Transfers and any additional transfers discovered during the time that this proceeding is pending.

35.     To the extent that any of the recovery counts that follow are inconsistent with each other, they are to be treated as being pled in the alternative.

## COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFER – O.R.C. § 1336.07

36.     The Receiver incorporates by reference all the allegations contained in the preceding paragraphs as if fully rewritten herein.

37.     The Receiver is entitled to avoid each of the Transfers pursuant to O.R.C. § 1336.07(A)(1).

38.     The Receiver is entitled to damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

4890-6527-8162 v.1                                    12

CV-2024-08-3391 CROCE CHRISTINE Case 26-01098-CMG Doc 1-3 Filed 03/02/26 08/06/2024 14:05:16 PM Entered 03/02/26 14:01:46 CMCO Desc Page 13 of 14

Exhibit 3 Page 14 of 15

## COUNT II
## JUDGMENT FOR THE VALUE OF
## AVOIDED TRANSFERS – O.R.C. § 1336.08(B)(1)

39. The Receiver incorporates by reference all the allegations contained in all the preceding paragraphs as if fully rewritten herein.

40. Lemming was the first transferee of each of the Transfers.

41. Pursuant to O.R.C. § 1336.08(B)(1)(a), the Receiver is entitled to a judgment against Lemming, jointly and severally, for the value of the Transfers.

42. The Receiver is entitled to damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT III
## JUDGMENT IMPOSING A CONSTRUCTIVE TRUST

43. The Receiver incorporates by reference all the allegations contained in all the preceding paragraphs as if fully rewritten herein.

44. Lemming were the recipient of monies wrongfully and fraudulently obtained by Dente and AEM Services from people who bought AEM Cognovit Notes, thereby diminishing the amounts available to pay AEM Services' creditors.

45. In equity, a constructive trust should be impressed upon assets acquired by Lemming with the monies transferred from AEM Services to Lemming. *See*, O.R.C. § 1336.07(A)(3)(c) and § 1336.10.

46. The Receiver is entitled to damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

WHEREFORE, the Receiver prays that this Court enter judgment against Lemming:

4890-6527-8162 v.1                                    13

   i.      avoiding all the Transfers pursuant to O.R.C. § 1336.07(A);

   ii.     imposing a constructive trust in favor of the Receiver over all monies and assets obtained with the monies that Lemming received from AEM Services;

   iii.    for damages in excess of Twenty-Five Thousand Dollars ($25,000.00);

   iv.    for post-judgment interest as allowed by Ohio law;

   v.     for the costs of this action including the Receiver's reasonable attorneys' fees; and

   vi.    granting such other and further relief as the Court deems just and equitable.

Dated: August 6, 2024                Respectfully submitted,

                          */s/ Mary K. Whitmer*
                          Mary K. Whitmer (0018213)
                          Robert M. Stefancin (0047184)
                          Scott R. Belhorn (0080094)
                          M. Logan O'Connor (0100214)
                          WHITMER & EHRMAN LLC
                          2344 Canal Road, Suite 401
                          Cleveland, OH 44113-2535
                          Telephone: (216) 771-5056
                          Email:  mkw@WEadvocate.net
                                    rms@WEadvocate.net
                                    srb@WEadvocate.net
                                    mlo@WEadvocate.net

                          *Counsel for Mark E. Dottore, Receiver*

4890-6527-8162 v.1                         14